417 A.2d 704

**COMMONWEALTH of Pennsylvania**

v.

**Tommy WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Jan. 4, 1980.

Patrick McFalls, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

The only issue properly raised in this appeal is whether the trial court abused its discretion by a determination during trial that four prior robbery convictions would be received to attack appellant's credibility if he testified.[1] We conclude that it was an abuse of discretion and reverse.

1. A second issue pertaining to the court's denial of a motion to continue a pre-trial lineup has been waived by appellant's failure to

At or about 1:30 o'clock, A.M., on May 17, 1977, Janet and Robert Richards had alighted from their vehicle and were standing in the driveway of their home when they were assaulted and robbed by three black men. Richards was injured while struggling with one of the robbers. Taken from him while he was held on the ground were credit cards and four hundred dollars ($400) in currency. Two rings were taken from Mrs. Richards, one of them having been chewed from her finger after she had been thrown to the ground. Mrs. Margaret Smith, a guest of the Richards, escaped and ran to the home of a neighbor. Appellant was identified by the victims from a photographic display after appellant had been arrested on other charges.

When, at trial, the Commonwealth's intention to use four prior robbery convictions to attack appellant's credibility became apparent, an evidentiary hearing was held outside the presence of the jury. It was demonstrated that four convictions had been obtained in 1970, for crimes occurring in 1967 and 1969. Appellant had been incarcerated by virtue thereof until March, 1977. He told the trial judge that he wanted to testify but would not do so if the prior convictions were held to be admissible. When asked about the nature of his testimony, appellant told the court that he would offer a general denial that he had robbed the Richards or had ever seen them. The court concluded that inasmuch as the verdict would be dependent upon the credibility of the victims and the credibility of appellant, it was important that the jury know of appellant's prior convictions in order to make an accurate assessment of his credibility.

Whether or not to admit prior convictions to impeach credibility is discretionary with the trial court. In order to provide for a meaningful exercise of that discretion, the Supreme Court in *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), provided for a balancing test which gives consideration to: "the age and nature of the prior crimes; the length of the criminal record; the age and

raise it in post trial motions. *Commonwealth v. Twiggs*, 485 Pa. 481, 402 A.2d 1374 (1979).

circumstances of the defendant; the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction."

In *Commonwealth v. Roots*, 482 Pa. 33, 39–40, 393 A.2d 364, 367 (1978), these factors were refined, and trial courts were directed to consider the following: "1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and (5) the existence of alternative means of attacking the defendant's credibility."

The burden of proof is upon the prosecution to show that the need for this evidence overcomes its inherent potential for prejudice. *Commonwealth v. Roots*, supra, 482 Pa. at 41, 393 A.2d at 368.

Although the question is a close one, we are constrained to hold that the trial judge abused his discretion in the instant case. Admittedly, the convictions were for robbery, a crime which involves an element of dishonesty and which does tend to discredit a witness as being untruthful. See: *Commonwealth v. Perrin*, 484 Pa. 188, 398 A.2d 1007 (1979). It may also be conceded that appellant's credibility would have been a significant issue for the jury to decide. However, the crimes for which appellant had been convicted were committed in 1967 and 1969. More importantly, the convictions were for the same crime for which appellant was being tried. As such, they clearly contained an inherent

suggestion that appellant had a propensity to rob. Because of the number of these convictions and their similarity to the charge for which appellant was being tried, this evidence would have tended to smear the character of the appellant to such an extent that an unbiased and impartial determination of guilt or innocence would have been rendered improbable if not impossible. The relevancy of this evidence to attack appellant's credibility, therefore, was overshadowed by its propensity for prejudice.

Moreover, if a defense existed, it could be presented only by appellant's taking the stand and giving testimony himself. The Commonwealth, on the other hand, could rely upon the testimony of Mr. and Mrs. Richards, as well as that of Mrs. Margaret Smith, a passenger in their car. Thus, it was important that appellant have an opportunity to testify. See: *Commonwealth v. Cobb*, 658 Pa.Super. 91, 392 A.2d 698 (1978); *Commonwealth v. Sampson*, 250 Pa.Super. 157, 378 A.2d 874 (1977).

Reversed and remanded for a new trial.