489 A.2d 821

COMMONWEALTH of Pennsylvania, Appellee,

v.

Charles F. JOHNSON, Appellant.

Superior Court of Pennsylvania.

Submitted March 13, 1984.

Filed March 1, 1985.

28

Marsha A. McClellan, Assistant Public Defender, West Chester, for appellant.

James R. Freeman, District Attorney, West Chester, for Commonwealth, appellee.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

CAVANAUGH, Judge:

The appellant, Charles F. Johnson, was found guilty in the Court of Common Pleas of Chester County of unauthorized use of a motor vehicle, theft by receiving stolen property, and theft by unlawful taking. Appellant's motions for new trial and in arrest of judgment were denied and appellant was sentenced. This is an appeal from that judgment of sentence. We affirm.

Appellant's convictions stemmed from an incident that occurred on August 16, 1980 at approximately 3:30 A.M. The appellant was sitting behind the wheel of a pickup truck that was "hung up" on a guardrail partially blocking a roadway. When the police approached, the defendant slid out of the truck through the driver's side door. Because of its position against the guardrail, it was impossible to get out of the truck through the passenger door. Although the pickup was without power and totally inoperable, the key was in the ignition.

When questioned by the police, the appellant stated that he was walking and he went to give another person help getting the truck in gear. However, the appellant was unable to give police a description of this other individual

even though he later testified that he had known this person for fifteen years. The appellant told the police that the other individual left the scene through the nearby woods.

On appeal, Johnson argues that the evidence was insufficient to prove guilt beyond a reasonable doubt; that the trial court erred in admitting evidence of appellant's prior convictions for unauthorized use of a motor vehicle; and that it was improper for the prosecutor to characterize appellant's statements to the police as a "story."

The statute defining unauthorized use of an automobile, 18 Pa.C.S. § 3928, makes it an offense if the actor "operates" a motor vehicle without the consent of the owner. The appellant points out that at the time the police observed him behind the wheel, the truck was not running, its lights were not on, and it appeared to be out of commission. Consequently, appellant claims, the Commonwealth failed to show he was "operating" the truck for purposes of the statute, since there wasn't any direct evidence that appellant was actually operating the vehicle in motion.

As the lower court correctly points out, however, the Commonwealth is not required to prove that the appellant was operating the vehicle in motion. The Commonwealth need only show that the defendant was in the vehicle behind the wheel and had control and management of it. *Commonwealth v. Taylor*, 237 Pa.Super. 212, 352 A.2d 137 (1975). In addition, the evidence in this case is sufficient to permit an inference that the pickup truck got where it was and in the condition it was in because the appellant had control over it. *Commonwealth v. Kloch*, 230 Pa.Super. 563, 327 A.2d 375, 384 (1974). We are satisfied that the jury had sufficient evidence to find that appellant did "operate" the vehicle within the meaning of the statute.

Appellant also contends that there was insufficient evidence to support his convictions for receiving stolen property and theft by unlawful taking. These claims were cor-

rectly dismissed by the lower court and do not merit any further discussion.

■ The next issue raised by appellant concerns whether or not the lower court properly admitted evidence of appellant's prior convictions for unauthorized use of motor vehicles. The decision to admit evidence of prior convictions is within the discretion of the trial judge, whose decision will not be reversed absent an abuse of discretion. *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978); *Commonwealth v. Kearse*, 326 Pa.Super. 1, 473 A.2d 577 (1984).

Judge Wieand, in his dissent, cites *Commonwealth v. Hogan*, 321 Pa.Super. 309, 468 A.2d 493 (1983), a case he authored, for the principle that a dishonest intent is not an element of the offense and that therefore it cannot be used to impeach appellant. We do not think *Hogan* compels this conclusion. We note that in his brief, appellant argues only that other factors weigh against the admission of the prior conviction because they tend to prejudice the appellant. He does not argue that dishonesty is not an element of the offense. Furthermore, our review of the record indicates that this argument was not raised at trial.* Nor was it raised in appellant's post-verdict motions. "It is of course elementary that issues not preserved for appellate review or, even if preserved at the trial level, not raised by a party on appeal, will not be considered by an appellate court ... an appellate court is not to raise *sua sponte* issues which it perceives in the record where, as here, those issues are not presented at the appeal level." *Commonwealth v. McKenna*, 476 Pa. 428, 437, 383 A.2d 174, 179 (1978). *See also Commonwealth v. Simmons*, 504 Pa. 565, 475 A.2d 1310 (1984); *Commonwealth v. Lobiondo*, 501 Pa. 599 n. 6, 462 A.2d 662 n. 6 (1983); *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975); *Phillips Home Furnishings, Inc. v. Continental Bank*, 467 Pa. 43, 46–47, 354 A.2d 542, 543–544 (1976).

* In reviewing the record, we note the absence of the transcript of the judge's charge to the jury.

■ In *Hogan,* we held that in order to convict one for unauthorized use of a vehicle, it is sufficient to show that the accused acted with recklessness "with respect to the lack of the owner's consent. A person acts recklessly with respect to such lack of consent if he *consciously disregards a substantial and unjustifiable risk that the owner has not consented." Hogan,* 321 Pa.Super. at 313, 468 A.2d at 495–96. (Emphasis Added.) The conscious disregard of a substantial and unjustifiable risk that one's use of property lacks the true owner's consent suggests that dishonesty is an element of the offense, and it cannot be disregarded no matter what gloss of "recklessness" is placed upon it.

■ The term "reckless" is used here to mean a conscious disregard for another's property rights. It suggests something more than even gross carelessness. It reflects adversely on the offender's trustworthiness, on his integrity in his dealings with others, and on his truthfulness.

We note that the crime of unauthorized use is similar to other theft related offenses which have been held to include an element of dishonesty (theft and robbery, *Commonwealth v. Henderson,* 497 Pa. 23, 438 A.2d 951 (1981); larceny, *Commonwealth v. Perrin,* 484 Pa. 188, 398 A.2d 1007 (1979); burglary, *Commonwealth v. Hutchinson,* 290 Pa.Super 254, 434 A.2d 740 (1981)).

■ Having properly determined that this offense involves dishonesty, the lower court then applied the balancing test set forth in *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973). As a result, there is no indication that the lower court abused its discretion. In addition, the trial court gave a strong cautionary instruction to the jury. Consequently, appellant's contention is without merit.

■ Lastly, appellant maintains that he is entitled to a new trial because the prosecuting attorney, in his closing argument, referred to the appellant's statements to the police as a "story." After reviewing the record and noting that the trial judge gave a curative instruction to the jury

32

we hold that this remark did not unduly prejudice the jury and does not warrant a new trial.

Judgment of sentence affirmed.

WIEAND, J., files dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. In my judgment it was an abuse of discretion to permit the Commonwealth to attack appellant's credibility by showing two prior convictions for unauthorized use of a motor vehicle. I would reverse and remand for a new trial.

Charles F. Johnson was being tried for theft and unauthorized use of a motor vehicle. He had been found behind the wheel of a stolen pickup truck at 3:30 a.m. after the truck had become "hung-up" on a guardrail. Johnson testified that the truck had been driven by a friend and that he, Johnson, had not been aware of the fact that the truck had been stolen. The Commonwealth was then permitted, over objection, to attack his credibility by showing that on two prior occasions Johnson had been convicted of unauthorized use of an automobile. Johnson's objection, contained in a motion in limine, was based specifically on decisions of the Supreme Court in *Commonwealth v. Bighum* [1] and *Commonwealth v. Roots* [2] (N.T. 35, 36). After the jury had returned a verdict finding Johnson guilty of theft by unlawful taking, theft by receiving stolen property and unauthorized use of a vehicle, Johnson filed a motion for new trial in which he preserved for review the trial court's ruling. On direct appeal from the judgment of sentence, Johnson argues, inter alia, that "the trial court erred in admitting evidence of the appellant's prior convictions." (Appellant's brief, p. 3, Statement of Questions).

Prior to the Supreme Court's decision in *Commonwealth v. Bighum, supra,* the law was clear that if a defendant in a criminal case took the stand in his own behalf, the

1. 452 Pa. 554, 307 A.2d 255 (1973).
2. 482 Pa. 33, 393 A.2d 364 (1978).

Commonwealth could introduce rebuttal evidence of a prior conviction for a felony or a misdemeanor crimen falsi to attack the defendant's credibility. *Commonwealth v. Butler*, 405 Pa. 36, 173 A.2d 468 (1961), *cert. denied*, 368 U.S. 945, 82 S.Ct. 384, 7 L.Ed.2d 341; *Commonwealth v. Kostan*, 349 Pa. 560, 37 A.2d 606 (1944). The theory was that "[i]f a defendant offer[ed] himself as a person worthy of belief, the jury ha[d] the right to know what kind of man he [was]—to aid in assessing his credibility." *Commonwealth v. Butler, supra* 405 Pa. at 47, 173 A.2d at 474. This imposed an almost impossible burden on the members of the jury. For a juror to limit his or her consideration of a defendant's prior criminal convictions strictly to a determination of credibility while refusing to draw an inference of guilt from the defendant's perceived propensity to commit crime required the juror to engage in mental gymnastics frequently beyond his or her ability.

Instructions from the court to the jury that they are to consider the evidence of prior convictions only on the question of credibility and not on the issue of guilt are unlikely to effectively mitigate the prejudicial impact of prior conviction evidence. Such instructions require the jury to walk a mental tightrope. On the one hand, the jury is told that it may infer from a past conviction that the witness has a propensity to lie. On the other hand, it is forewarned not to infer from the witness' past conviction a propensity to engage in the kind of criminal activity for which he now stands accused. It is unlikely that jurors will be able to so compartmentalize their thought processes as to draw only inferences which go to the question of credibility.

Judge Learned Hand in *Nash v. United States* [54 F.2d 1006 (2 Cir. 1932)] aptly described these instructions as the "mental gymnastic which is beyond, not only their [the jury's] powers, but anybody's else [sic]." The Advisory Committee, which drafted the Proposed Federal Rules, also expressed misgivings. It observed that the introduction of such evidence against a criminal defend-

ant to impeach his testimony might create "such an atmosphere of aspersion and disrepute about the defendant as to convince the jury that he is an habitual lawbreaker who should be punished and confined for the general good of the community." Moreover, a study of juries undertaken by the University of Chicago showed that juries were unable to refrain from concluding on the basis of the defendant's criminal record that he was a bad man and, hence, was more likely guilty than not guilty of the crime for which he was standing trial.

Hence, it is clear that the introduction of prior conviction evidence creates grave risks of prejudice.

Krauser, *The Use Of Prior Convictions As Credibility Evidence: A Proposal For Pennsylvania,* 46 Temp.L.Q. 291, 294–295 (1973).

This concern prompted a careful reconsideration of the rule by the Supreme Court in *Commonwealth v. Bighum, supra.* Because the only legitimate purpose for introducing evidence of prior convictions was to cast doubt upon a defendant-witness's veracity, the Court held that a prior conviction would be admissible only if it had been for a crime which reflected upon the witness's veracity. Thus, the Court held, "it is important to limit the convictions ... to crimes involving dishonesty or false statement." *Id.* 452 Pa. at 566, 307 A.2d at 262. Moreover, the Court held, the admissibility of such evidence was to be limited to situations where its use was of essential evidentiary value to the prosecution and not unreasonably unfair to the defense. *Id.,* 452 Pa. at 567, 307 A.2d at 263.

This balancing test was refined by the Supreme Court in *Commonwealth v. Roots, supra.* The Court there held that the burden was on the prosecution to show that the need for evidence of prior convictions overcame its inherent potential for prejudice. *Id.* 482 Pa. at 41, 393 A.2d at 368. A non-exhaustive list of factors to be considered by the trial court was held to include:

1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness;

2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character óf the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility.

*Id.*, 482 Pa. at 39–40, 393 A.2d at 367 (footnote omitted). Before these considerations enter the equation, however, a threshold determination must be made that the conviction proposed to be shown by the Commonwealth involves "dishonesty or false statement."

When the law of *Bighum* and *Roots* is applied to the circumstances of the instant case, it becomes evident that appellant's prior convictions for unauthorized use of motor vehicles should not have been allowed. This evidence should not have been allowed (1) because "dishonesty or false statement" was not an essential element of the offenses for which appellant had previously been convicted and (2) because the inherent potential for prejudice in the evidence outweighed by far the prosecution's need to show the prior convictions.

The offense of unauthorized use of a motor vehicle is defined at 18 Pa.C.S. § 3928 as follows:

A person is guilty of a misdemeanor of the second degree if he operates the automobile ... or other motor-propelled vehicle of another without consent of the owner.

It has been said that "[t]his legislation is directed mainly against the phenomenon of 'joy-riding', i.e., taking someone else's car without permission, not meaning to keep it, but

just for the pleasure of driving it.... The offense is typically committed by youngsters.... The prohibited activity is characterized in present laws as (1) taking without intent to deprive permanently, (2) using, or (3) driving or operating *without intent to steal,* or a combination of these." Toll, Pennsylvania Crimes Code Annotated § 3928, quoting Model Penal Code Comment [T.D. No. 2, p. 89] (emphasis added). The only criminal intent required by the Pennsylvania statute is recklessness. It is enough that a defendant knows or has reason to know that he does not have the consent of the owner. A conviction can be had if the defendant consciously disregards a substantial and unjustified risk that the owner did not consent to his use of the vehicle. *Commonwealth v. Hogan,* 321 Pa.Super. 309, 312–315, 468 A.2d 493, 495–496 (1983). See: *Commonwealth v. Utter,* 279 Pa.Super. 557, 421 A.2d 339 (1980). Because a dishonest intent is not a necessary element of this offense, I would hold that a conviction for unauthorized use of a motor vehicle is not relevant to impeach the credibility of a witness in a court of law.

Moreover, even if we assume that appellant's prior conviction for unauthorized use of a motor vehicle had some slight relevancy to attack his credibility, the prejudicial effect thereof so greatly outweighed its relevance that the evidence should not have been allowed. The arrest occurred when police, at or about 3:30 a.m., came upon a pickup truck which had collided with and was wedged against a highway guardrail. When the police approached the truck, appellant was observed sitting behind the steering wheel. He exited the truck and walked toward the police. Appellant told the police that he had come upon the truck while walking along the highway and had stopped to give "a hand" to the driver. Appellant said that the driver, whom he could not identify or describe, had left the area by walking through the woods. Appellant was thereupon arrested and charged with unauthorized use, theft by unlawful taking and theft by receiving stolen property.

At trial, appellant explained that he had been a passenger in the truck while it had been driven by his friend of fifteen years, Lionel Toalton. He said he did not know that the truck had been stolen. When the truck failed to function properly, appellant said, the truck had been allowed to drift down the hill. As a consequence, the truck had become "hung-up" on the guardrail. While appellant remained seated on the passenger's side, he said, Toalton had exited the truck to ascertain whether the truck had been damaged. Instead of returning to the truck, appellant testified, Toalton left to get help. While he was absent, the police arrived.

Toalton declined to testify at the trial on grounds that his testimony might tend to incriminate him. The Commonwealth's evidence, therefore, was circumstantial. If the permissible inference of guilt to be drawn from the circumstances was to be rebutted, it was probably necessary that appellant testify in his own behalf. Most persons in appellant's position would find an explanation not only appropriate but absolutely essential.

To permit the Commonwealth to impeach appellant thereafter by showing prior convictions of unauthorized use of a motor vehicle was unnecessary to the Commonwealth and grossly prejudicial to the defendant. In the first place, as we have seen, the prior convictions were for offenses which had little, if any, relevancy in determining whether appellant was a truth-telling witness. Secondly, appellant's prior criminal record consisted of offenses of the same type for which he was then being tried. Therefore, it was almost certain that his prior record would suggest a propensity to commit the very crime for which he was being tried. See: *Commonwealth v. Williams*, 273 Pa.Super. 389, 417 A.2d 704 (1980). Finally, the Commonwealth had alternative means available to it for attacking appellant's credibility. It could effectively impeach his credibility as a witness by showing the prior inconsistent, if not ridiculous, statement made by appellant to the police prior to his arrest.

After the Commonwealth had been permitted to show appellant's two prior convictions for unauthorized use of a motor vehicle, no reasonable expectation remained that the jury would be able to base a verdict solely on the relevant, substantive evidence. The jury was no longer impartial and objective. The Commonwealth's evidence had established that appellant was a criminal; and, therefore, a guilty verdict on the pending charges had become a virtual certainty.

It may very well be that appellant is guilty, as the jury found him to be. I am not persuaded, however, that he received the fair trial which our law guarantees. Therefore, I would reverse the judgment of sentence and remand for a new trial.

The majority seeks to buttress its determination that appellant received a fair trial by suggesting that he has waived, at least in part, the issue of the admissibility of prior convictions because he failed to use sufficiently specific language in making his objection. This conclusion is not warranted. Appellant's objection was based specifically upon the holdings of the Supreme Court in *Bighum* and *Roots*. The trial court's ruling which permitted the jury to consider evidence of prior convictions to attack appellant's credibility was thereafter preserved for review at each and every stage of the proceedings. It was not essential to a preservation of the issue that it be more particularly defined by reciting one or more specific portions of the balancing test stated in *Bighum* and *Roots*. This Court is not relieved of its duty to decide issues correctly because appellant's counsel has made a weak argument, used the wrong words, or even overlooked established legal principles in advancing his argument. It is issues which are waived, not arguments. The law would truly be uncertain, even unpredictable, if litigated issues were decided solely on the basis of arguments advanced by counsel to the exclusion of well established principles of law.

I dissent.