512 A.2d 1191

**COMMONWEALTH of Pennsylvania,**

v.

**Joseph GORDON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 23, 1985.

Filed July 2, 1986.

Reargument Denied Aug. 12, 1986.

Daniel-Paul Alva, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before ROWLEY, HESTER and LIPEZ, JJ.

LIPEZ, Judge:

In a jury trial, defendant was convicted of two counts of robbery, and one count each of criminal conspiracy and prohibited offensive weapons. After denial of post-verdict motions, defendant was sentenced to concurrent terms of seven to twenty years on the robbery counts, with a concurrent one to two years for criminal conspiracy. In this appeal, defendant contends: (1) the trial judge abused his discretion under *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), by allowing admission of his eight-year-old retail theft conviction and his seven-year-old robbery conviction for the purpose of impeaching his testimony; and (2) the trial judge also erred by allowing the admission of two twelve-year-old burglary convictions for the purpose of impeaching the testimony of one of defendant's two alibi witnesses.

Defendant's second contention can be summarily disposed of. When the Commonwealth seeks to use a prior conviction to impeach the testimony of a defense witness other than the defendant himself, the discretionary balancing test of *Commonwealth v. Bighum, supra,* does not apply, and the only relevant inquiry is whether the convictions were for crimes involving dishonesty or false statement. *Commonwealth v. Pilosky*, 239 Pa.Super.Ct. 233, 240, 362 A.2d 253, 257 (1976). Since burglary is a crime involving dishonesty or false statement, *Commonwealth v. Gray*, 329 Pa.Super.Ct. 347, 354, 478 A.2d 822, 825 (1984), the burglary convictions of the defense witness here were properly admitted to impeach his testimony. *Commonwealth v. Pilosky, supra.*

Defendant's other claim, that the court erred in admitting his own retail theft and robbery convictions to impeach him, presents a closer question, but we agree with the Commonwealth that the trial judge's decision to admit these convictions was within the range of his discretion as defined by the most recent case law interpreting the scope

of *Commonwealth v. Bighum, supra,* and *Commonwealth v. Roots,* 482 Pa. 33, 393 A.2d 364 (1978).[1]

Defendant relies primarily on *Commonwealth v. Williams,* 273 Pa.Super.Ct. 389, 417 A.2d 704 (1980), which held that it was erroneous to rule that the defendant's four prior convictions would be admissible to impeach him in a trial for robbery, in which taking the stand himself was the defendant's only potential means of defense. While there is some similarity to *Williams* in that one of defendant's prior convictions is for the same crime (robbery) as the one for which he was being tried, we believe that defendant's case is much more similar to *Commonwealth v. Kearse,* 326 Pa.Super.Ct. 1, 473 A.2d 577 (1984), which held that it was not an abuse of discretion to admit a five-year-old robbery conviction to impeach the defendant in a robbery trial, when the defendant had two alibi witnesses and the Commonwealth lacked a straightforward alternative means of attacking the defendant's credibility.

Here, as in *Kearse,* the defendant presented two alibi witnesses, and only one prior robbery conviction (rather than four as in *Williams* ) was involved. Defendant argues that his two alibi witnesses were uncertain of the date when they saw him, but this is identical to the situation in *Commonwealth v. Kearse, supra,* 326 Pa.Super.Ct. at 9, 473 A.2d at 581. Thus this case is unlike both *Williams* and *Commonwealth v. Canada,* 308 Pa.Super.Ct. 494, 454 A.2d 643 (1983), on which defendant also relies, because the defendants in those cases had no other means by which to defend themselves, a factor which *Commonwealth v. Big-*

---

**1.** The Commonwealth also argues that defendant's failure to take the stand waived his *Bighum* claim under *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), which held that an issue similar to a *Bighum* claim was waived under federal evidentiary law by failure to take the stand. *Luce,* however, involved only a matter of nonconstitutional federal law, and has no effect on the state evidentiary law formulated in *Bighum.* Furthermore, we cannot adopt the *Luce* approach as a matter of state law, for the reasons stated in *Commonwealth v. Richardson,* 347 Pa.Super.Ct. 564, 568–71, 500 A.2d 1200, 1203–04 (1985).

*hum, supra,* had characterized as "of critical importance." *Id.,* 452 Pa. at 567, 307 A.2d at 263.

While it is true that the seven-year-old robbery conviction here is a little older than the five-year-old conviction in *Williams,*[2] and defendant here also has an additional prior conviction for retail theft, these dissimilarities from *Kearse* are relatively minor, compared to the vital factors that the two cases have in common: that there was no series of prior convictions for the same type of crime, and—most important of all—that the defendant in each case had alternative means of defense through the presentation of alibi witnesses. Our review of all the *Bighum* factors convinces us that the court below did not abuse its discretion.

Judgment of sentence affirmed.

HESTER, J., dissents.

HESTER, Judge, dissenting:

In *Commonwealth v. Roots,* 482 Pa. 33, 39, 393 A.2d 364, 367 (1978), the supreme court adopted an illustrative list of factors which the trial court should consider in determining whether a prior conviction is admissible for impeachment purposes.

1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the

2. *See also Commonwealth v. Dombrauskas,* 274 Pa.Super.Ct. 452, 462, 418 A.2d 493, 498 (1980) (six-year-old robbery conviction not too remote in robbery trial).

defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility.

I am constrained to agree with appellant that his 1976 conviction for retail theft and 1977 conviction for robbery are too remote to reflect accurately on his veracity and tend to suggest more the likelihood that he committed the robbery here than to reflect upon his veracity. I also agree with appellant that the Commonwealth had a strong enough case without having to resort to these impeachment tactics.

I find both *Commonwealth v. Canada*, 308 Pa.Super. 494, 454 A.2d 643 (1983), and *Commonwealth v. Williams*, 273 Pa.Super. 389, 417 A.2d 704 (1980), to be persuasive. In *Canada*, the Commonwealth was permitted at trial to use convictions which were five and eight years old for impeachment purposes. In reversing the trial court, the *Canada* court noted that the Commonwealth had the testimony of other witnesses to impeach the defendant and that there was a greater need for the jury to hear the defendant's version of the facts.

In *Williams*, the trial court also denied the defendant's motion to suppress his prior convictions. This court reversed on the basis that the prior convictions were for the same crime for which the defendant was being tried. As a result, there was a strong suggestion that the defendant had a propensity to commit that crime again. The *Williams* court also noted that the Commonwealth had other witnesses through which to present its case whereas a defense could only be presented by the defendant taking the stand himself.

Here, the Commonwealth had the trolley operator and a passenger as prosecution witnesses, both of whom had made positive identifications of appellant, Moreover, the Commonwealth had the testimony of the arresting and investigating officers. Finally, the Commonwealth had the

alternative of rebutting appellant's testimony with the testimony of his codefendant who had earlier pled guilty.

On the other hand, appellant had one defense witness, other than himself, who could recount the events of the crime. He had also been a passenger on the trolley. Although he testified that appellant was not one of the perpetrators, his testimony was discredited due to his criminal record and his admission that the perpetrator wore a hood which covered part of his face. I also note that one of the crimes to be used for impeachment was robbery, which was identical to the charge here.

Finally, there is no indication that the Commonwealth could not procure the testimony of appellant's codefendant. Since the codefendant had pled guilty prior to appellant's trial, it follows that the Commonwealth could use him to testify in order to impeach appellant.

I disagree with the majority on the applicability of *Commonwealth v. Kearse,* 326 Pa.Super. 1, 473 A.2d 577 (1984). In *Kearse,* the Commonwealth had only one eyewitness and he was unable to identify the defendant from a photo array; the witness did not make a positive identification until the preliminary hearing. Also, the defendant's fingerprints on a bag in *Kearse* were discredited because some were smeared, indicating that someone else may have used the bag in the robbery following the lawful use of the bag by the defendant. Lastly, the prosecution in *Kearse* had no other means of impeaching the defendant or of cross-examining him on his alibi defense.

Here, conversely, the Commonwealth had three primary witnesses: two eyewitnesses who did not falter in identifying appellant, and appellant's codefendant for impeachment purposes. Although appellant had two alibi witnesses, they were discredited because they were not certain of the date they saw appellant at home. Unlike the case sub judice, the Commonwealth in *Kearse* had a much weaker case in chief and no alternative means of impeaching the defendant.

Accordingly, I would reverse and remand for a new trial.