J. A12034/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :      PENNSYLVANIA
            v.                :
                              :
CHELSIE LEE DAHLKE,           :       No. 1386 WDA 2018
                              :
            Appellant         :


Appeal from the Judgment of Sentence Entered August 30, 2018,
in the Court of Common Pleas of McKean County
Criminal Division at No. CP-42-CR-0000460-2017


BEFORE:  BENDER, P.J.E., DUBOW, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED AUGUST 12, 2019**

Chelsie Lee Dahlke appeals from the August 30, 2018 judgment of sentence entered by the Court of Common Pleas of McKean County following her conviction of unauthorized use of automobiles and other vehicles, driving without a license, and driving while operating privilege is suspended or revoked.[1]  After careful review, we affirm.

The trial court provided the following factual history:

> In July of 2017 Patrick Chastain allowed [appellant] to use his 1998 Jeep Grand Cherokee.  [Appellant] had asked to use the vehicle to pick up her minor son[s] for a scheduled weekend visit with her.  Mr. Chastain testified that [appellant] was to bring the vehicle back to Mr. Chastain the same day that she used it – which was July 14, 2017.  She did not return it when she was supposed to.  Mr. Chastain's repeated attempts

---

[1] 18 Pa.C.S.A. § 3928(a) and 75 Pa.C.S.A. §§ 1501(a) and 1543(a), respectively.

> to contact [appellant] were unsuccessful. He utilized the same cell phone number to call and send text messages to that he had reached [appellant] at in the past. On July 18, 2017, he received a text message response from [appellant] that simply indicated where his vehicle could be located – that it was alongside Route 155. When he found his vehicle "it was trashed[";] "My front bumper was ripped off of the passenger side. It was covered in mud."

Trial court opinion, 12/20/18 at (unnumbered page) 6 (citations to the record omitted).

The Commonwealth charged appellant with the above-referenced offenses, as well as criminal mischief – intentionally damages property.[2] A jury convicted appellant of unauthorized use of automobiles and other vehicles, driving without a license, and driving while operating privilege is suspended or revoked and acquitted her of criminal mischief – intentionally damages property. On August 30, 2018, the trial court sentenced appellant to 23 months' probation and ordered her to perform 15-70 hours of community service.

Appellant filed a timely notice of appeal to this court. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant timely complied. The trial court then filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> A. Whether the evidence was sufficient to sustain a finding of guilt under 18 Pa. C.S.[A.]

---

[2] 18 Pa.C.S.A. § 3304(a)(5).

§ 3928(a), Unauthorized Use of Automobiles and Other Vehicles, 75 Pa.C.S.[A.] § 1501(a), Driving Without a License, and 75 Pa.C.S.[A.] § 1543(a), Driving While Operating Privilege Suspended or Revoked, where the Commonwealth's evidence was insufficient to prove beyond a reasonable doubt that [a]ppellant operated or drove the vehicle in question between July 15, 2017, and July 18, 2017?

B.    Whether the evidence was sufficient to sustain a finding of guilt under 18 Pa.C.S.[A.] § 3928(a), Unauthorized Use of Automobiles and Other Vehicles, where the Commonwealth's evidence was insufficient to prove beyond a reasonable doubt that [a]ppellant lacked the owner's consent to operate the vehicle in question or knew or had reason to know she lacked the owner's consent?

Appellant's brief at 6.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law,

no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-723 (Pa.Super. 2013) (internal quotations and citations omitted). Importantly, "the jury, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Commonwealth v. Ramtahal*, [], 33 A.3d 602, 607 ([Pa.] 2011).

*Commonwealth v. Sebolka*, 205 A.3d 329, 337-338 (Pa.Super. 2019).

In her first issue on appeal, appellant challenges whether the Commonwealth proved beyond a reasonable doubt that appellant operated and/or drove the Jeep—which is a required element to obtain a conviction for

unauthorized use of automobiles and other vehicles,[3] driving without a license,[4] and driving while operating privilege suspended or revoked.[5]

In order to obtain a conviction for unauthorized use of automobiles and other vehicles, the Commonwealth need not "prove that the appellant was operating the vehicle in motion.  [Rather, t]he Commonwealth need only show that the defendant was in the vehicle behind the wheel and had control and management of it."  *Commonwealth v. Johnson*, 489 A.2d 821, 823 (Pa.Super. 1985), citing *Commonwealth v. Taylor*, 352 A.2d 137 (Pa.Super. 1975).  Likewise, in order to obtain a conviction for appellant's two charges under the Motor Vehicles Code, the Commonwealth must meet a similar burden.  The Motor Vehicles Code defines "driver" as "a person who drives **or is in physical control of a vehicle**."  75 Pa.C.S.A. § 102 (driver) (emphasis added).

---

[3] "A person is guilty of a misdemeanor of the second degree if [s]he **operates** the automobile . . . of another without the consent of the owner."  18 Pa.C.S.A. § 3928(a) (emphasis added).

[4] "No person, except those expressly exempted, shall **drive** any motor vehicle upon a highway or public property in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter."  75 Pa.C.S.A. § 1501(a) (emphasis added).

[5] "[A]ny person who **drives** a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation, or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense . . . ."  75 Pa.C.S.A. § 1543(a) (emphasis added).

At trial, the Commonwealth called Mr. Chastain to testify. Mr. Chastain testified that appellant asked to borrow his Jeep so that she could pick up her sons. (Notes of testimony, 7/30/18 at 16.) Mr. Chastain permitted her to do so, with the understanding that appellant would return the Jeep that evening. (*Id.* at 16-17.) Mr. Chastain testified that appellant failed to do so. (*Id.* at 17.) The evidence further reflects that appellant eventually sent Mr. Chastain a text message indicating where his Jeep could be found alongside Route 155. (*Id.* at 23.)

Based upon our review of the record, when viewed in the light most favorable to the Commonwealth, as verdict winner, we find that the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that appellant operated and/or drove Mr. Chastain's Jeep. The circumstantial evidence presented by the Commonwealth permitted the jury to reasonably infer that appellant was in Mr. Chastain's Jeep, was behind the wheel, and that she had control and management of the Jeep. *See Johnson*, 489 A.2d at 823. Accordingly, appellant's first issue is without merit.

Appellant further avers that the Commonwealth failed to present sufficient evidence that either appellant operated Mr. Chastain's Jeep without his consent or that appellant knew or had reason to know that she lacked Mr. Chastain's consent to operate his Jeep. (Appellant's brief at 21.) Specifically, appellant argues that Mr. Chastain failed to clearly communicate

to appellant that he wanted her to return the Jeep to him after she picked up her sons for the weekend. (***Id.*** at 23.)

This court has previously held that,

> the Commonwealth is not obligated to disprove every possible explanation for appellant's unauthorized use of the automobile. It must only introduce sufficient facts and circumstances from which, if believed, a jury could conclude beyond a reasonable doubt that appellant knew that [s]he was operating the automobile without the owner's consent.

***Commonwealth v. Lloyd***, 361 A.2d 430, 432-433 (Pa.Super. 1976), citing ***Commonwealth v. Clark***, 311 A.2d 910 (Pa. 1973).

Here, Mr. Chastain testified that he permitted appellant to borrow his Jeep on the understanding that she would return the Jeep to him the same day. (Notes of testimony, 7/30/18 at 16-17.) The record further reflects that after appellant failed to return his Jeep the evening of the day she borrowed it, Mr. Chastain attempted to reach appellant several times via text message to inquire as to the whereabouts of his Jeep. (***Id.*** at 18.) Finally, the Commonwealth presented evidence that appellant texted Mr. Chastain several days after she was to return his Jeep to notify him that the Jeep was located alongside Route 155. (***Id.*** at 23.)

Viewed in the light most favorable to the Commonwealth, we find that this evidence permitted the jury to reasonably infer that appellant lacked Mr. Chastain's permission to continue using his Jeep. ***See Franklin***, 69 A.3d at 722-723. Therefore, we find that appellant's second issue is without merit.

J. A12034/19

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2019