491 A.2d 196

**COMMONWEALTH of Pennsylvania**

v.

**Anthony GALLAGHER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 1, 1984.

Filed March 29, 1985.

Petition for Allowance of Appeal Denied Sept. 30, 1985.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, MONTEMURO and LIPEZ, JJ.

LIPEZ, Judge:

In a non-jury trial, defendant was convicted of involuntary deviate sexual intercourse, attempted rape, and possession of an instrument of crime. With new counsel, defendant filed post-verdict motions which were denied. Sentence was imposed, and with a second new counsel, defendant took this appeal alleging: (1) that defendant was erroneously convicted and sentenced for two inchoate offenses for conduct designed to commit or culminate in the commission of the same crime; (2) that trial counsel was ineffective when he told the trial judge that defendant made no statement upon arrest (thus sabotaging defendant's claim of innocent cooperation with the police) and that post-verdict counsel was ineffective in failing to raise this claim below; and (3) that trial counsel was ineffective for failing to object to the introduction of prior crimes evidence. We affirm.

Defendant first claims that he was erroneously convicted and sentenced for two inchoate offenses—attempted rape and possessing the instrument of a crime—for conduct designed to commit or culminate in the commission of the

same crime. Though defendant did not raise this issue in the court below, "a question as to the legality of sentence is never waived despite the fact that it was not raised in the court below." *Commonwealth v. Von Aczel,* 295 Pa.Super 242, 246, 441 A.2d 750, 752 (1981).

■ A defendant may not be convicted of more than one inchoate offense designed to commit or to culminate in the commission of the same crime. 18 Pa.C.S. § 906. In *Commonwealth v. Crocker,* 256 Pa.Super. 63, 389 A.2d 601 (1978), the court held that defendant could not be convicted and sentenced for both criminal attempt and possessing an instrument of crime because defendant's conduct was designed to culminate in the commission of only one crime. In *Commonwealth v. Hassine,* 340 Pa.Super. 318, 368, 490 A.2d 438, 464 (1985), the court stated that the purpose of Section 906 was "to eliminate the conviction for more than one offense in the preparation to commit the objective, that is, where the offenses were designed to culminate in the commission of *only one crime.*" (emphasis in original). *See also Commonwealth v. Zappacosta,* 265 Pa.Super. 71, 401 A.2d 805 (1979).

■ The evidence in this case indicates that defendant possessed the knife (the instrument of crime) with the intent of committing the crime of rape, and later with the intent of committing the crime of involuntary deviate sexual intercourse. Thus, defendant possessed the knife with the intent to commit two distinct crimes. Therefore, to be convicted and sentenced for attempted rape and possessing the instruments of crime in this case does not violate the "same crime" rule of 18 Pa.C.S. § 906.

Defendant next argues that trial counsel was ineffective because he told the judge as factfinder that defendant made no statement upon being arrested, and that this sabotaged his defense of innocent cooperation with the police. Defendant also claims that post-verdict counsel was ineffective in failing to challenge trial counsel's ineffectiveness.

■ The claim that trial counsel was ineffective was not raised in post-verdict motions, thus is waived. *Common-*

*wealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). The claim that post-verdict counsel was ineffective in failing to challenge trial counsel's ineffectiveness is properly raised on appeal. *Id.* The question before us, then, is: was post-verdict counsel ineffective in failing to challenge trial counsel's ineffectiveness?

[5, 6] Defendant has the burden of proving ineffectiveness of counsel. *Commonwealth v. Shore,* 487 Pa. 534, 410 A.2d 740 (1980). Counsel's assistance is deemed effective if it had "some reasonable basis designed to effectuate his client's interests." *Commonwealth ex. rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349 (1967).

■ In attempting to bolster his client's claim that defendant did not inform police about an alleged incident (in which he claims that the victim got angry when defendant refused her sexual advances) because he was not charged with doing anything wrong at the time, trial counsel mentioned the fact that defendant made no statement upon being arrested, and then said:

I wanted the court to know that. The Commonwealth is making a big thing of what he didn't say. He hadn't been charged with anything. (N.T. 241).

It appears that trial counsel made a mistake. In the process of trying to emphasize that defendant did not say anything to police because he had not been charged with anything, counsel noted that defendant exercised his right to remain silent upon being arrested. Counsel is not held to be ineffective in the absence of some showing that defendant was prejudiced by counsel's behavior. *Commonwealth v. Litzenberger,* 333 Pa.Super. 471, 482 A.2d 968 (1984). "There exists a strong disposition on the part of lay jurors to view the exercise of the Fifth Amendment privilege as an admission of guilt." *Commonwealth v. Turner,* 499 Pa. 579, 582, 454 A.2d 537 (1982). But in this case we are dealing with a bench trial, with an experienced judge as the factfinder; a judge well aware of the importance of the Fifth Amendment privilege; a judge who is presumed not to

158

view the exercise of a fundamental right as an admission of guilt. This is not a case, like those cited by the defendant, where a judge has heard inadmissible evidence of prior crimes, and it was determined that even a judge could not ignore such prejudicial evidence.

In *Commonwealth v. Conti*, 236 Pa.Super. 488, 345 A.2d 238 (1975) the court looked at two factors to determine if a judge could maintain his impartiality after hearing incompetent evidence: (1) the "inherently prejudicial quality" of the evidence involved; and (2) the importance of the evidence to the particular case. The evidence in this case is defendant's silence upon being arrested. The fact that defendant exercised his constitutional right to remain silent upon arrest would not come as a great surprise to a judge. A judge's knowledge of this is not highly prejudicial to defendant. Moreover, had trial counsel not announced this fact, it is very likely that the judge would have come to the same conclusion. Judge Klein stated that he found the victim's testimony "particularly convincing," and in general believed the evidence presented by the Commonwealth. Thus, the fact that the judge knew that defendant exercised his right to remain silent upon being arrested was of no great importance to this case. Defendant, then, was not prejudiced by counsel's actions in telling the judge as factfinder that defendant made no statement upon his arrest; and post-verdict counsel was not ineffective for failing to raise this claim of ineffectiveness against trial counsel.[1]

Defendant's final claim is that trial counsel was ineffective for failing to object to the introduction of evidence of defendant's sole prior conviction for impersonating a public servant and theft of services. (This claim of ineffectiveness was raised by post-verdict counsel). The criteria for admitting evidence of prior convictions to im-

---

**1.** Defendant's claim that counsel's remark that defendant made no statement upon arrest sabotaged his defense of innocent cooperation with the police is also without merit. Trial counsel did admit that part of his strategy was to demonstrate that defendant cooperated with the police (N.T. 5/27/82, 20). Evidence was introduced suggesting that prior to his arrest, defendant had cooperated with police.

peach a defendant-witness were established in *Common-
wealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973) and
*Commonwealth v. Roots,* 482 Pa. 33, 393 A.2d 364 (1978).
The prior conviction must be for a crime involving false or
dishonest statement—*crimen falsi.* Once that is estab-
lished, the court considers a number of factors in determin-
ing whether the probative value of the evidence outweighs
the prejudice to the defendant: the degree to which the
prior crime reflects on defendant's veracity; the age, na-
ture, and number of prior offenses; the existence of alter-
native methods of attacking the witness' credibility; the
strength of the prosecution's case; the degree to which the
prior crime is similar to the present crime charged. In his
opinion, Judge Klein utilized several of the *Bighum—Roots*
criteria in determining that the prior conviction was admissi-
ble for impeachment purposes and that counsel was not
ineffective for failing to raise a meritless claim.

■■ While it is true that *Commonwealth v. Williams,*
273 Pa.Super. 389, 417 A.2d 704 (1980) holds that evidence
of a series of prior convictions for the same crime for which
an accused is charged is too prejudicial to be used for
impeachment purposes, this is not what happened in this
case. Here, defendant was charged with possessing an
instrument of crime and sexual offenses. His prior convic-
tion which was admitted for impeachment purposes was for
impersonating a public servant and theft of services. It is
true that defendant in this case impersonated another's
voice to acquire access to his victim, but this is not evidence
that "would have tended to smear the character of the
[defendant] to such an extent that an unbiased and impar-
tial determination of guilt or innocence would have been

Upon arrest, defendant exercised his constitutional right to remain
silent. This does not suggest that he was uncooperative; nor does it
diminish the effect of the evidence of his prior cooperation. Being
arrested is unquestionably different from merely being questioned.
When you are actually arrested and charged with committing a crime
it is natural to be more cautious and careful about what you say. An
experienced judge acting as factfinder understands that the exercise of
a constitutional right does not indicate lack of cooperation, rather, it
indicates a desire to be cautious.

rendered improbable if not impossible." *Id.*, 273 Pa.Superior Ct. at 391, 417 A.2d at 706. Moreover, in *Commonwealth v. Kearse*, 326 Pa.Super. 1, 473 A.2d 577 (1984), the court upheld the admissibility of a prior conviction for robbery to impeach a defendant charged with robbery. The court distinguished the case from *Williams* by pointing out that unlike *Williams* the evidence used to impeach defendant Kearse consisted of only one prior conviction, which was not nearly as remote in time as those in *Williams;* and that while the prosecution in *Williams* had three eyewitnesses to the crime, here there was only one eyewitness.

In our case, there was evidence of only one prior conviction admitted, and it was not for the same crime for which defendant was accused; the prior conviction was not even as remote in time as the one in *Kearse;* and the prosecution had only one eyewitness to the crime. Thus, since the prior conviction was *crimen falsi* and the case is clearly distinguishable from *Williams,* we find no reason to disturb Judge Klein's rulings that based on the *Bighum— Roots* criteria, the probative value of the evidence outweighed the prejudice to the defendant, and trial counsel was not ineffective for failing to object to the introduction of prior crimes evidence.

Judgment of sentence affirmed.