584 A.2d 343

**COMMONWEALTH of Pennsylvania**

v.

**Dwayne LOOP, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1990.

Filed Dec. 21, 1990.

Norris E. Gelman, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before McEWEN, DEL SOLE and CERCONE, JJ.

CERCONE, Judge.

This is an appeal *nunc pro tunc* from the judgment of sentence of the Court of Common Pleas of Philadelphia County, in which appellant was convicted after a non-jury trial of two counts of aggravated assault and possession of an instrument of crime. Appellant's post-trial motions were denied and he was sentenced to concurrent terms of five to ten years incarceration on the aggravated assault charges. The lower court's sentence on the conviction of possessing an instrument of crime was a determination of guilt without further penalty. There was no appeal of the judgment of sentence, but appellant filed a petition for post-conviction relief, in which he requested the right to file a direct appeal *nunc pro tunc*. The lower court granted the petition and the instant appeal followed.

The case arose out of an incident on July 8, 1987, in which at approximately 5:00 p.m., several persons were gathered in front of a housing project on a Philadelphia street when appellant and another man drove up in a car. Some words were exchanged and appellant and his companion drove off and returned in fifteen minutes, circled the block several times and then started shooting with a black handgun. About five shots were fired which wounded one person in the group on the street and a three and a half year old boy playing nearby. Appellant was positively identified by photographic array prior to trial and also was identified in court as the triggerman. At the time of the crime, appellant had no adult criminal record although he did have a history of juvenile offenses. A photograph from appellant's juvenile file was used in the photographic array connected with appellant's prosecution in the instant case.

Appellant's request to suppress the identifications made on the basis of his juvenile record photograph was denied.

Appellant raises the following issues on appeal:

I. Should this court fashion a suppression remedy from a violation of 42 Pa.C.S.A. section 6308 which precludes improper use of a juvenile's arrest photograph?

II. Should trial counsel have asked that the trial court recuse itself after it heard of appellant's full juvenile record during the suppression hearing in view of the fact that trial counsel knew he would be calling several character witnesses in appellant's defense at trial?

In reviewing the ruling of a suppression court, we must determine whether the factual findings of the court are supported by the record and consider only the evidence of the prosecution and so much of the evidence of the defense as, fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Cortez*, 507 Pa. 529, 491 A.2d 111, *cert. den.* 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985). "Assuming that there is support in the record, we are bound by the facts as are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error." *Id.*, 507 Pa. at 532, 491 A.2d at 112.

In the instant case, appellant does not challenge the suppression court's factual findings but only the legal conclusion of the lower court that the use of appellant's juvenile photograph in his pre-trial identification does not require suppression of the identification. We find no error in the lower court's determination.

As appellant's statement of the questions presented indicates, appellant is asking the court to fashion a suppression remedy which would be based upon an alleged violation of 42 Pa.C.S.A. § 6308 by the use of appellant's juvenile photograph in his pre-trial identification. Section 6308, which appellant relies upon in its entirety, provides:

§ 6308. Law enforcement records

(a) General rule. Except as provided in section 6309 (relating to juvenile history record information), the law enforcement records and files concerning a child shall be kept separate from the records and files of arrests of adults. Unless a charge of delinquency is transferred for criminal prosecution under section 6355 (relating to transfer to criminal proceedings), the interest of national security requires, or the court otherwise orders in the interest of the child, the records and files shall not be open to public inspection or their contents disclosed to the public except as provided in subsection (b); but inspection of the records and files is permitted by:

(1) The court having the child before it in any proceeding.

(2) Counsel for a party to the proceeding.

(3) The officers of institutions or agencies to whom the child is committed.

(4) Law enforcement officers of other jurisdictions when necessary for the discharge of their official duties.

(5) A court in which the child is convicted of a criminal offense for the purpose of a presentence report or other dispositional proceeding, or by officials of penal institutions and other penal facilities to which he is committed, or by a parole board in considering his parole or discharge or in exercising supervision over him.

(b) Public availability.

(1) The contents of law enforcement records and files concerning a child shall not be disclosed to the public except if the child is 14 or more years of age at the time of the alleged conduct and if any of the following apply:

(i) The child has been adjudicated delinquent by a court as a result of an act or acts which include the elements of rape, kidnapping, murder, robbery, arson, burglary, violation of section 13(a)(3) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled

Substance, Drug, Device and Cosmetic Act, [35 P.S. § 780–113(a)(30)] or other act involving the use of or threat of serious bodily harm.

(ii) A petition alleging delinquency has been filed by a law enforcement agency alleging that the child has committed an act or acts which include the elements of rape, kidnapping, murder, robbery, arson, burglary, violation of section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, or other act involving the use of or threat of serious bodily harm and the child previously has been adjudicated delinquent by a court as a result of an act or acts which included the elements of one of such crimes.

(iii) The child is a dangerous juvenile offender.

(2) If the conduct of the child meets the requirements for disclosure as set forth in paragraph (1), then the court or law enforcement agency, as the case may be, shall disclose the name, age and address of the child, the offenses charged and the disposition of the case. The master or judge who adjudicates a child delinquent shall specify the particular offenses and counts thereof which the child is found to have committed and such information shall be inserted on any law enforcement records or files disclosed to the public as provided for in this section.

(c) Fingerprints and photographs.

(1) Law enforcement officers shall have the authority to take or cause to be taken the fingerprints or photographs, or both, of any child who is alleged to have committed a delinquent act that, but for the application of this chapter, would constitute a felony or a violation of 18 Pa.C.S. Ch. 61 Subch. A (relating to uniform firearms act).

(2) Fingerprint and photographic records may be disseminated to law enforcement officers of other jurisdictions, the Pennsylvania State Police and the Federal Bureau of Investigation if a child has, on the basis of a felony or a violation of 18 Pa.C.S. Ch. 61 Subch. A, been

adjudicated delinquent or found guilty in a criminal proceeding.

(3) Fingerprints and photographic records of children shall be immediately destroyed by all persons and agencies having these records if the child is not adjudicated delinquent or not found guilty in a criminal proceeding for reason of the alleged acts.

While we find problematic appellant's conclusion that there exists a violation of § 6308 in this case, we need not engage in an in-depth analysis of that legal issue because neither this court nor the lower court has the constitutional power to fashion such a suppression remedy under the facts of this case.

In *Commonwealth v. Jones,* 245 Pa.Super. 487, 369 A.2d 733 (1977) (*en banc*), it was held that neither this court nor a lower court has the power to fashion a suppression remedy where specific authority for such an order is not found in a rule of court or as a result of a constitutional violation. *Id.,* 245 Pa.Superior Ct. at 493–96, 369 A.2d at 736–37. Such power, according to the *Jones* court, is lodged exclusively in the Pennsylvania Supreme Court, in the exercise of its "general and administrative authority over all courts...." *Id.,* 245 Pa.Superior Ct. at 491, 369 A.2d at 735, *citing* Pa. Const., Art. 5, § 10. The statute in this case, § 6308, contains no authority for the suppression of evidence upon a violation of the terms of the statute. Nor has appellant alleged any type of constitutional impropriety in the use of his juvenile photograph. Under such circumstances, this court is without authority to order, or to require the lower court to order, the suppression of appellant's pre-trial identification. *See Commonwealth v. Jones, supra.* Thus, we must reject appellant's argument requesting that we fashion a suppression remedy from an alleged violation of section 6308.

■ Appellant's second contention on appeal is that trial counsel was ineffective for failing to request that the lower court recuse itself from presiding at appellant's non-jury trial after the court had heard testimony concerning appellant's juvenile record during the suppression hearing. Ap-

pellant contends that counsel should have assumed that the lower court's knowledge of appellant's juvenile offenses would have an adverse impact on the defense at trial which contained as an element the testimony of several character witnesses.

Claims of ineffectiveness of counsel are subject to a three part analysis. First, it must be demonstrated that the underlying claim is of arguable merit. Next, it must be determined whether counsel's choice of action had some reasonable basis designed to effectuate his client's interests. Finally, a showing must be made of how counsel's choice of action prejudiced the client. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). The defendant has the burden of establishing a claim of ineffectiveness. *Commonwealth v. Chin*, 373 Pa.Super. 163, 540 A.2d 573 (1988). Counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Silo*, 509 Pa. 406, 502 A.2d 173 (1985).

We find no merit to appellant's underlying claim, that the lower court's hearing of the testimony concerning appellant's juvenile record had an adverse impact upon the lower court's ability to hear appellant's trial testimony concerning his reputation as a peaceful and law-abiding citizen, thus requiring a defense motion for the judge's recusal. First, it is well-established that a judge, sitting as fact-finder, is capable of setting aside from his consideration improperly admitted evidence. *Commonwealth v. Batty*, 482 Pa. 173, 393 A.2d 435 (1978); *Commonwealth v. Gallagher*, 341 Pa.Super. 152, 491 A.2d 196 (1985). By analogy, a judge sitting as fact-finder in a non-jury trial is, by any reasonable standard, capable of removing from his consideration testimony heard at a pre-trial hearing but not part of the case at trial.

In addition, the crimes with which appellant was involved as a juvenile involve traits of character which were not at issue in the present prosecution. The record establishes that appellant's juvenile offenses included burglary, theft, robbery, and conspiracy. With the exception of robbery

which involves an element of violence, these crimes are essentially crimes of *crimen falsi,* and would thus implicate appellant's tendency towards honesty and veracity as character traits. In contrast, the crimes at issue in the instant case constitute crimes of violence. Thus, appellant introduced evidence at trial concerning his reputation in the community for peacefulness. It is well established that evidence of good character must be limited to the defendant's general reputation for the particular trait or traits of character involved in the commission of the crime charged. *Commonwealth v. Luther,* 317 Pa.Super. 41, 463 A.2d 1073 (1983). Such evidence must also relate to a period of time at or about the time the offense was committed. *Id.,* 317 Pa.Superior Ct. at 50, 463 A.2d at 1077–78.

Given that the testimony at the suppression hearing concerned crimes committed at a different time from the crimes in the instant case, and involved character traits substantially different from those associated with the crimes herein, appellant's argument concerning the adverse effect of the judge's knowledge of appellant's juvenile record is unpersuasive. Considering also the principle that a fact-finding judge is capable of disregarding improper evidence, we can find no merit to the underlying claim regarding trial counsel's ineffectiveness, as the evidence of the prior crimes was not admitted at trial and could thus have played no part in the lower court's decision. Without an underlying claim of arguable merit, a claim of ineffectiveness must fail. Accordingly, we reject appellant's second claim on appeal.

Judgment of sentence affirmed on appeal from order of January 12, 1989 permitting *nunc pro tunc* direct appeal.