## Commonwealth v. Peterson

*John M. Dawson* and *L. Todd Goodwin, assistant district attorneys,* for the Commonwealth.
*David P. Truax* and *Gregory A. Keenan,* for defendant.

VARDARO, *J.,* September 2, 1993—The defendant is charged with two counts of criminal homicide for events alleged to have occurred on September 28, 1992. A criminal complaint was filed before District Justice William D. Chisholm on October 16, 1992 but, due to various reasons including injuries sustained by the defendant on September 28, 1992, no preliminary hearing was held until January 29, 1993. The defendant was arraigned on March 5, 1993 and on April 26, 1993 the district attorney filed a notice advising the defendant that he intended to seek the death penalty if the defendant was convicted of murder in the first degree and setting forth the specific aggravating circumstances the Commonwealth contends exists pursuant to 42 Pa.C.S. §9711(d).

Previously, at a hearing to establish bond for the defendant set on November 19, 1992, the court determined after inquiry to the district attorney that this was not a capital case at that time since that inquiry was necessary prior to determining that any bond should be set. *(Commonwealth v. Heiser,* 330 Pa. Super. 70, 478 A.2d 1355 (1984).)

This matter is now before the court on defendant's motion to quash the Commonwealth's notice of intention to seek death penalty because the notice was not timely within the provisions of Pa.R.Crim.P. 352.

### DISCUSSION

The present Pa.R.Crim.P. 352 was effective as to cases in which the defendant's arraignment was held on or after July 1, 1989. The rule states:

"The Commonwealth shall notify the defendant in writing of any aggravating circumstances which the Commonwealth intends to submit at the sentencing hearing. Notice shall be given at or before the time of arraignment, unless the attorney for the Commonwealth becomes aware of the existence of an aggravating circumstance after arraignment or the time for notice is extended by the court for cause shown."

At the time of oral argument, the Commonwealth concedes that the notice given on April 26, 1993 was not at or before the arraignment on March 5, 1993 and further concedes that the exceptions regarding the Commonwealth becoming aware of existing aggravating circumstances after arraignment or the time for notice being extended by the court do not apply.

Essentially then, the defendant argues that the provisions of the rule are mandatory and the resulting sanction is that the Commonwealth should not be permitted to seek

the death penalty. The Commonwealth argues that: first, the intention of the rule is that the defendant receive adequate notice of what aggravating circumstances the Commonwealth contends are applicable and that has occurred adequately since the notice was given at the end of April 1993 and this case is not scheduled for jury selection until September 16, 1993; and, second, that since the Supreme Court created Rule 352 it is up to them and only them to fashion a remedy for a violation of the rule and they have not done so to date.

In fact, the only court that we can find that has dealt with this issue since the new rule became effective in 1989 is the Court of Common Pleas of Perry County in *Commonwealth v. Crews,* 12 D.&C. 4th 518 (1991).[1]

In that case, President Judge Quigley dealt with the same circumstance where the Commonwealth had failed to comply with Rule 352 in a timely manner. The court in that case held that the Commonwealth was not precluded from seeking the imposition of the death penalty even though it had not complied with the rule. Specifically, Judge Quigley spoke of the fact that the Commonwealth had stated at arraignment that the death penalty would be sought and the court was aware of no prejudice to the defendant due to the district attorney's failure to notify him with respect to the aggravating circumstances that the Commonwealth contended existed at or prior to the time of arraignment. The court also indicated that it believed that rule was directory and that the Supreme Court of Pennsylvania should make a pronouncement as to the

---

1. This case is a death penalty case on automatic review to the Pennsylvania Supreme Court and perhaps when an opinion is issued they will give further guidance with respect to this issue.

effect of compliance or noncompliance with respect to the rule. *Id.* at 523-24.

We believe that the language of the rule is intended to make compliance by the district attorney mandatory but we decline to grant the defendant's requested relief. The reason for that is, as suggested by the district attorney, we are powerless to do so. The Superior Court has held that neither that court nor a lower court has any general supervisory or rule making power and those powers belong solely to the Pennsylvania Supreme Court. *Commonwealth v. Loop,* 400 Pa. Super. 597, 584 A.2d 343 (1990), *alloc. denied,* 527 Pa. 643, 593 A.2d 416 (1991); *Commonwealth v. Hogans,* 400 Pa. Super. 606, 584 A.2d 347 (1990). In those cases, both of which dealt with the suppression of evidence, the Superior Court concluded that only the Supreme Court could fashion a remedy where specific authority for such an order was not found in a rule of court or was a result of a constitutional violation. *Commonwealth v. Loop, supra* at 603, 584 A.2d at 346; *Commonwealth v. Jones,* 245 Pa. Super. 487, 493-96, 369 A.2d 733, 736-37 (1977).

The rule in this case gives us no guidance as to what remedy or sanction should be applied if it is violated and therefore we are powerless to determine what is an appropriate remedy or sanction unless and until the Supreme Court of Pennsylvania gives us some guidance. In this way, this case is distinguishable from the Pennsylvania Supreme Court case cited by the defendant, *Commonwealth v. Revtai,* 516 Pa. 53, 532 A.2d 1 (1987). In that case, the court dealt with a violation of Pa.R.Crim.P. 130 and noted that Pa.R.Crim.P. 150 specifically provided a remedy for a violation of Rule 130. The defendant

suggests that since there is no specific indicated remedy or sanction for a violation of Rule 352 we should fashion one and as we have indicated we believe we are powerless to do so.

We would also note that while there may be a clear literal violation of Rule 352, we do not believe that the violation is of the kind which caused the Supreme Court to enact Rule 352.

Specifically, the comment following Rule 352 states in part that "it is intended to give the defendant sufficient time and information to prepare for sentencing hearing." We suspect therefore the rule was enacted to eliminate situations whereby defendants were not notified until just before trial or just before sentencing hearing with respect to the Commonwealth's intentions regarding the death penalty and the specific aggravating circumstances the Commonwealth contended existed. See *Commonwealth v. Zook,* 532 Pa. 79, 615 A.2d 1 (1992) and *Commonwealth v. Edwards,* 521 Pa. 134, 555 A.2d 818 (1989).

In this case as in *Commonwealth v. Crews, supra,* the defendant was put on notice at the time of arraignment the Commonwealth was seeking the death penalty[2] although the aggravating circumstances the Commonwealth contended existed were not set forth. Additionally, since the date on which the defendant was put on notice (April 26, 1993) is almost five months prior to the commencement of trial, we do not believe that the defendant was prejudiced by the late filing of the Commonwealth.

---

2. This knowledge was provided through the information presented at arraignment which indicated that the maximum penalty for the criminal homicide was death.