J-A10029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON R. BALDWIN | |
| Appellant | No. 1643 EDA 2016 |

Appeal from the Judgment of Sentence April 13, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0009629-2012

BEFORE:  DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SOLANO, J.:　　　　　　　**FILED DECEMBER 26, 2017**

Appellant, Jason R. Baldwin, appeals from the judgment of sentence imposed after he pled guilty to burglary, attempted burglary, and criminal conspiracy.[1]  This case returns to us after we granted the Commonwealth's motion for reconsideration, as discussed below.  We affirm.

The trial court recited the factual and procedural background of this case as follows:

> [Appellant] engaged in seven separate residential burglaries over the course of several days in July 2012 across Montgomery, Berks and Chester Counties.  He, along with at least one co-conspirator, succeeded in stealing valuables from the residences, with the exception of one incident when the attempt to burglarize a residence failed.
>
> [Appellant] was charged with more than 40 counts related to the incidents.  He ultimately agreed to enter an open guilty plea to one count of burglary, one count of criminal conspiracy to commit burglary and one count of attempted burglary.  In

---

[1] 18 Pa. C.S. §§ 3502(a), 901(a), and 903(a)(1), respectively.

exchange, the Commonwealth agreed to *nol pros* the remaining charges and to a cap of four to eight years of incarceration.

At a subsequent sentencing hearing, the Commonwealth advised this court of an error in the Pre-Sentence Investigation Report related to the calculation of [Appellant's] prior record score. [Appellant] did not object to the recalculation of the standard-ranges of 24 to 30 months in prison for the burglary offense and 21 to 27 months in prison each for the attempted burglary and conspiracy offenses. The Commonwealth also informed this court, without objection, that the burglary and attempted burglary convictions did not merge for purposes of sentencing because the offenses stemmed from different residences. Finally, the Commonwealth and [Appellant] agreed to the amount of restitution for the seven burglaries.

This court sentenced [Appellant] on April 13, 2016, to two to four years in prison for the burglary conviction and a consecutive term of two to four years in prison for the attempted burglary conviction. [Appellant] received a sentence of 10 years of consecutive probation for the conspiracy conviction. This court also signed the agreed-upon restitution sheets submitted by the Commonwealth.

[Appellant] filed a *pro se* "Motion for Reconsideration" on April 22, 2016, seeking to have his sentences run concurrently. This court denied the motion in an Order docketed on May 9, 2016.

Trial Court Opinion, 8/15/16, at 1-2 (citations to notes of testimony omitted). Appellant filed this timely appeal. He presented three issues for our review:

1. Did the [trial court] err and/or abuse his discretion in failing to merge all appropriate charges?

2. Did the [trial court] err and/or abuse his discretion by imposing a sentence without using the correct prior record score?

3. Did the [trial court] err and/or abuse his discretion by failing to order the correct amount of restitution?

Appellant's Brief at 2-3.

On October 24, 2017, we affirmed the judgment of sentence with regard to Appellant's first and second issues. However, with respect to Appellant's third issue, we concluded that the record before us did not support the imposition of restitution. We noted that "there was no discussion of restitution at Appellant's guilty plea hearing," and, although when sentencing Appellant the court referred to "stipulated restitution sheets," no such restitution sheets were in the record. Accordingly, we vacated the restitution portion of Appellant's sentence and remanded for further proceedings to ensure the proper imposition of restitution. We also stated that at those proceedings, the Commonwealth could introduce into the record the "restitution sheets" that it contended were used at Appellant's sentencing. *See **Commonwealth v. Baldwin***, No. 1634 EDA 2016, slip op. at 10-12 (Pa. Super., Oct. 24, 2017).

On October 27, 2017, the Commonwealth applied for panel reconsideration and attached copies of the trial court's restitution orders to its application. On November 29, 2017, this Court entered the following order:

> AND NOW, this 29th day of November, 2017, upon consideration of the Commonwealth's Application for Panel Reconsideration, and answer thereto, we grant the Commonwealth's application conditioned upon the Commonwealth arranging to have the trial court transmit, within ten days of the date of this order, a supplemental certified record containing all documents missing from the certified record that was previously transmitted to this Court. The Commonwealth's application included what purports

to be certified copies of the court's restitution orders. Those documents were not part of the record transmitted to this Court.

As a result of our decision, our October 24, 2017 decision was vacated. On December 6, 2017, the Montgomery County Clerk of Courts filed a supplemental record with this Court that included certified copies of the restitution orders. We may now proceed to address Appellant's issues.

**Merger**

In his first issue, Appellant argues that the court erred by failing to merge his sentences for conspiracy to commit burglary and attempted burglary.[2] Appellant's Brief at 5. Appellant cites 18 Pa. C.S. § 906, which provides:

> A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission **of the same crime**.

18 Pa. C.S. § 906 (emphasis added). Appellant acknowledges that he committed multiple crimes, stating, "there were seven burglaries and one attempted burglary, all of which involved a coconspirator." Appellant's Brief at 9. Appellant argues that he was wrongly sentenced "to two inchoate crimes" because "the conduct was designed to commit or to culminate in the commission of the same crime, namely burglary, [and] the sentences

---

[2] A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence, which cannot be waived. **Commonwealth v. Williams**, 980 A.2d 667, 672 (Pa. Super. 2009), **appeal denied**, 990 A.2d 730 (Pa. 2010).

imposed on the attempted burglary and conspiracy conviction must merge for sentencing purposes." *Id.* at 5, 9. We disagree.

In *Commonwealth v. Gallagher*, 491 A.2d 196 (Pa. Super. 1985), we explained:

> A defendant may not be convicted of more than one inchoate offense designed to commit or to culminate **in the commission of the same crime**. 18 Pa.C.S. § 906. . . . [T]he purpose of Section 906 [i]s to eliminate the conviction for more than one offense in the preparation to commit the objective, that is, **where the offenses were designed to culminate in the commission of** *only one crime*.

491 A.2d at 198 (bolded emphasis added, italicized emphasis in original, citations and quotation marks omitted). It is well-settled that convictions do not merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. *See* 42 Pa. C.S. § 9765; *Commonwealth v. Raven*, 97 A.3d 1244, 1249 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014). For example, conspiracy and attempted burglary were found to merge in *Commonwealth v. Brown*, 486 A.2d 441, 443-445 (Pa. Super. 1985), where the appellant participated in a single scheme to burglarize a single house.

Here, although Appellant's conduct related to commission of the same type of crime (burglary), he participated in seven burglaries of seven different houses and one additional attempted burglary of an eighth house.[3]

_____

[3] Appellant was sentenced to 2-4 years' incarceration under Count 1 for the crime of burglary and 2-4 years' incarceration under Count 8 for the crime of
*(Footnote Continued Next Page)*

He pled guilty to conspiracy and was sentenced to 10 years' probation under Count 9 only with respect to his commission of the seven successfully completed burglaries.[4] The Criminal Information as to Count 9 states that Appellant, "with the intent of promoting or facilitating the commission of the crime(s) of BURGLARY[,] unlawfully and feloniously agreed with GREGORY LEE EAGLE that they or one of more of them would engage in conduct which would constitute such crime(s), and did an overt act in furtherance thereof." Criminal Information, 2/1/13, at 2. Count 9 thus addressed Appellant's conspiracy to commit the completed "crime(s) of BURGLARY," and not the different crime of attempted burglary that was separately charged in Count 8 of the Criminal Information. Appellant entered his guilty plea as follows:

_(Footnote Continued)_ ─────────────

attempted burglary. N.T., 4/13/16, at 22-23. At the guilty plea hearing, Appellant expressly acknowledged that with regard to Count 8, he additionally "attempted without success to break into" another property "to commit a burglary." N.T., 7/23/15, at 3, 7, 9. The crimes for which Appellant was sentenced under Counts 1 and 8 therefore clearly were different and do not merge. We do not understand Appellant to argue otherwise.

[4] Appellant does not contend that his sentence for the conspiracy conviction under Count 9 merges with the sentence for the completed burglary that he conspired to commit and for which he was sentenced under Count 1. It is well-settled that "the crime of conspiracy does not merge with the substantive offense that is the subject of the conspiracy." *Commonwealth v. Jacquez*, 113 A.3d 834, 838 (Pa. Super. 2015). As our Supreme Court has stated, "the law has always considered criminal conspiracy and the completed substantive offense to be separate crimes." *Commonwealth v. Miller*, 364 A.2d 886, 887 n.5 (Pa. 1976) (referencing the rationale of the United States Supreme Court in *Iannelli v. United States*, 420 U.S. 770, 778 (1975), that "collective criminal agreement — partnership in crime — presents a greater potential threat to the public than individual delicts" and "the danger which a conspiracy generates is not confined to the substantive offense which is the immediate aim of the enterprise").

[**COMMONWEALTH**]:   [Appellant], you understand by pleading guilty you are admitting certain things about your case are true?

[**APPELLANT**]:         Yes.

[**COMMONWEALTH**]: Specifically, sir, by pleading guilty you are admitting that between July 13th and July 16th of 2012 across Montgomery, Berks and Chester County **you engaged, sir, in seven separate burglaries**, which you broke into residential properties with the intent and actually successfully intended to steal various valuables from inside?

[**APPELLANT**]:         Yes.

[**COMMONWEALTH**]: As well as conspiring with at least one other person to effectuate **these crimes**?

[**APPELLANT**]:         Yes.

N.T., 7/23/15, at 9 (emphasis added).  Accordingly, Appellant's argument that his conviction of conspiracy should have merged with his conviction of attempted burglary fails because Appellant pled guilty to conspiracy to commit the completed crime of burglary with respect to seven houses, which were separate from an eighth house which Appellant unsuccessfully attempted to burglarize.

Our Supreme Court, in recently holding that Section 906 does not bar multiple convictions for the same inchoate crime, noted that "Pennsylvania Courts have applied this provision in situations where a defendant commits two or three inchoate offenses **while preparing to commit a single underlying crime**." *Commonwealth v. Kingston*, 143 A.3d 917, 923 (Pa. 2016) (emphasis added).  In dicta, the Court stated:

It is not difficult to imagine why the General Assembly would proscribe multiple convictions for distinct inchoate offenses in

- 7 -

circumstances where a defendant's conduct was designed to culminate in the commission of **a single underlying crime**.

*Id.* at 925 (emphasis added).  In the present case, Appellant admitted to, and was convicted of conspiracy to commit, burglary relating to the seven successful and completed burglaries, and also admitted to attempting to burglarize an eighth house.  Accordingly, Appellant's merger argument lacks merit.

## Prior Record Score

Appellant's next issue, concerning the court's calculation of his prior record score, challenges the discretionary aspects of Appellant's sentence.[5] The entry of an open guilty plea does not preclude a petition for allowance of an appeal to this Court of the discretionary aspects of a sentence subsequently imposed.  *Commonwealth v. Luketic*, 162 A.3d 1149, 1159 (Pa. Super. 2017), *citing Commonwealth v. Dalberto*, 648 A.2d 16, 20 (Pa. Super. 1994), *appeal denied*, 540 Pa. 594, 655 A.2d 983, *cert. denied*, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 34 (1995).  However, there is no automatic right to appeal such an issue, and appellate review depends on whether the appellant satisfies the requirements for a petition by allowance.  *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014);

---

[5] Challenges concerning a prior record score calculation implicate the discretionary aspects of sentencing.  *See Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa. Super. 2004) (holding that a miscalculation of the prior record score "constitutes a challenge to the **discretionary aspects** of [a] sentence"); *see also Commonwealth v. O'Bidos*, 849 A.2d 243, 253 (Pa. Super. 2004) (same), *appeal denied*, 860 A.2d 123 (Pa. 2004).

*Commonwealth v. Haynes*, 125 A.3d 800, 806–07 (Pa. Super. 2015), *appeal denied,* 140 A.3d 12 (Pa. 2016). We will exercise our discretion to consider such a petition only if (1) the appellant has filed a timely notice of appeal; (2) he has preserved the sentencing issue at the time of sentencing or in a motion to reconsider and modify his sentence; (3) he presents the issue in a properly framed statement in his brief under Rule 2119(f) of the Rules of Appellate Procedure pursuant to *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987); and (4) in the words of Section 9781(b), "it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." *See Haynes*, 125 A.3d at 807; *Commonwealth v. Zelinski*, 573 A.2d 569, 574-75 (Pa. Super. 1990), *appeal denied*, 593 A.2d 419 (Pa. 1990).

Instantly, Appellant filed a timely notice of appeal and included a proper Rule 2119(f) statement in his appellate brief. Appellant's Brief at 6. In addition, he has presented a substantial question. *Commonwealth v. Janda*, 14 A.3d 147, 165 (Pa. Super. 2011) (improper calculation of prior record score raises substantial question). Nonetheless, in his argument, Appellant simply and generally avers – without more – that the court applied the wrong prior record score because "the score before sentencing was a '3' and then it was changed to a '5.'" Appellant's Brief at 11. Appellant does not explain why the prior record score of 5 was incorrect. *See id.* His argument therefore fails to provide us with a sufficient explanation to enable full appellate review. *See Commonwealth v. Cornelius*, 856 A.2d 62, 77

(Pa. Super. 2004) (declining to review claim where brief contains limited explanation and development of argument), ***appeal denied***, 895 A.2d 548 (Pa. 2006).

Our review of the record at sentencing reveals the following:

| THE COURT: | All right. Do [counsel] have any additions or corrections? |
|---|---|
| [COMMONWEALTH]: | I do have a correction . . . |
| THE COURT: | Yes, is there another mistake? . . . |
| [COMMONWEALTH]: | I believe that his prior record score is a 5. They had it listed as a 3. |

N.T., 4/13/16, at 3. Neither Appellant nor his counsel objected or otherwise responded to this. Nor did they object when subsequently, in a discussion of standard range sentences, the Commonwealth reiterated, "again, . . . prior record score of 5, . . ." ***Id.*** at 5. Although Appellant filed a post-sentence motion claiming that his sentence was excessive, that motion did not specifically discuss any issue relating to his prior record score. Because Appellant did not preserve this issue in the trial court, it is waived.

Accordingly, on this record, we find no merit to Appellant's second issue concerning the calculation of his prior record score.

**Restitution**

In his third issue, Appellant challenges the court's imposition of restitution, and asserts that it "was an illegal sentence" because "the record fails to contain the factual basis for the amount of restitution ordered." Appellant's Brief at 14. Appellant states that his issue is "not only . . . the

amount of restitution, but also the authority of the court to order restitution." ***Id.*** at 12. Appellant contends "that the lower court imposed an illegal sentence when it ordered him to pay restitution to the victim in excess of that which is supported by the record and in excess of what the victim's [*sic*] lost." Appellant's Brief at 14.

Both the trial court and the Commonwealth reject Appellant's argument on the basis that Appellant stipulated to the amount of restitution at the sentencing hearing. ***See*** Trial Ct. Op. at 5; Commonwealth Brief at 8.

This Court has explained:

> [i]n the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence. An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.
>
> Restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of his sentence. Where that statutory authority exists, however, the imposition of restitution is vested within the sound discretion of the sentencing judge.
>
> In the context of a criminal case, restitution may be imposed either as a direct sentence, 18 Pa.C.S.A. § 1106(a),[6] or as a condition of probation under 42 Pa.C.S.A. § 9754, . . . . When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime.

---

[6] That statute provides: "Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S.A. § 1106(a).

*Commonwealth v. Kinnan*, 71 A.3d 983, 986-87 (Pa. Super. 2013) (citations omitted, some formatting altered). The Commonwealth must prove the amount of restitution to be ordered:

> It is the Commonwealth's burden of proving its entitlement to restitution. *Commonwealth v. Boone*, 862 A.2d 639, 643 (Pa. Super. 2004) (stating that the amount of restitution must be supported by the record). When fashioning an order of restitution, the lower court must ensure that the record contains the factual basis for the appropriate amount of restitution. The dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. The amount of the restitution award may not be excessive or speculative. It is well-settled that "[a]lthough it is mandatory under section 1106(c) to award full restitution, it is still necessary that the amount of the 'full restitution' be determined under the adversarial system with considerations of due process." *Commonwealth v. Ortiz*, 854 A.2d 1280, 1282 (Pa. Super. 2004).

*Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010) (some citations omitted).

Here, the record, as supplemented, demonstrates that Appellant stipulated to the amount of restitution. At the time of sentencing, the following occurred:

> [COMMONWEALTH]: Judge, at the time of sentencing, he agreed that he would stipulate to the restitution for the seven burglaries he is alleged to have committed. And I have submitted restitution sheets to that effect for your signature and I have reviewed them with [Appellant's counsel].
>
> THE COURT: Do you agree with that, [counsel]?
>
> [APPELLANT'S COUNSEL]: That is correct, Your Honor.

N.T., 4/13/16, at 6. The court then stated, "[Appellant] is to pay the cost of prosecution and restitution as indicated on the attached stipulated restitution sheets." *Id.* at 22. The restitution sheets are now included in the record.

The Supreme Court has instructed:

> A stipulation is a declaration that the fact agreed upon is proven. A valid stipulation must be enforced according to its terms. Parties may by stipulation resolve questions of fact or limit the issues, and, if the stipulations do not affect the jurisdiction of the court or the due order of the business and convenience of the court they become the law of the case.

*Commonwealth v. Rizzuto*, 777 A.2d 1069, 1088 (Pa. 2001) (internal citations omitted, some formatting altered), *abrogated on other grounds*, *Commonwealth v. Freeman*, 827 A.2d 385 (Pa. 2003). By stipulating to the amount of restitution, Appellant relieved the Commonwealth of its burden of proving the amount. *See Rizzuto*, 777 A.2d at 1088. Thus, Appellant's argument that the amount of restitution is unsupported by the record is meritless.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/26/2017

- 13 -